IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

RUBEN VARGAS,

       Plaintiff,

v.                                                                         No. Civ. 13-425 LH/LAM

U.S. PARKING SYSTEMS, INC. and
LEON WOODWARD,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendants on May 6, 2013. Defendants allege that jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Notice of Removal (Doc. 1) ¶ 8. The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). If the parties thus do not raise the question of lack of jurisdiction, the court has a duty to determine the matter *sua sponte*. *Id.* A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." 28 U.S.C. § 1332(a).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

The federal statute providing for the removal of cases from state to federal court, however, was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

The amount in controversy is generally determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record.  *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D. N.M. 2000) (Baldock, J., sitting by designation).  "It would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal."  *Hanna v. Miller*, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation).  Courts may therefore consider "the substance and nature of the injuries and

2

damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306.

The burden is on the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873.  There is a presumption against removal jurisdiction.  *Id.*  Uncertainties as to jurisdiction are resolved in favor of remand.  *Martin*, 251 F.3d at 1290 (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).  Where, as here, a plaintiff requests undefined damages and defendants seek to remove under the general diversity statute, the defendants must prove jurisdictional facts by a preponderance of the evidence in order to stay in federal court.  *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245-46 (10th Cir. 2012).  Punitive damages and attorney's fees should be considered in determining the amount in controversy.  *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).  Costs and interest, however, are excluded.  *See* 28 U.S.C. § 1332(a).

In this case, Plaintiff has brought suit for libel, defamation, slander, tortious interference with a contract and tortious interference with prospective contracts.  *See* Notice of Removal, Ex. A ("Complaint") (Doc. 1-1) ¶¶ 5.1-5.4.  Plaintiff alleges that he operates parking lots in the El Paso downtown area by leasing property from the City of El Paso, and that Defendants authored multiple false, defamatory letters to the City of El Paso and made multiple telephone calls to an employee of the City of El Paso making false, slanderous allegations that were all calculated to cause the City of El Paso not to lease property to Plaintiff.  Compl. (Doc. 1-1) ¶¶ 4.1-4.2.  The Complaint asserts that Defendants have interfered with Plaintiff's efforts to lease property from

3

the City of El Paso.  *Id.* ¶ 5.5.  The Complaint alleges that Plaintiff suffered past and future damages for shame and humiliation, emotional distress and other psychological damages, injury to his reputation, loss of earnings and earning capacity, and punitive damages.  *Id.* ¶¶ 6.1-6.3.  The Complaint offers no specific facts, however, to gauge the value of damages.  For example, there is no evidence as to what is the value of the contracts with which Defendants allegedly tortuously interfered.  The amorphous injury to reputation is not the type of damages that a court could easily assess as being near the $75,000 jurisdictional threshold.

Moreover, Defendants offer no other underlying facts in their Notice of Removal to establish what these damages might be.  Instead, Defendants conclusorily assert that the value of the case is over $75,000.  Defendants attached to their Notice of Removal an Arbitration Certification in which Plaintiff certified that the relief he seeks exceeds $25,000, but that is far short of the minimum jurisdictional amount.  *See* Notice of Removal, Ex. C (Doc. 1-3).  Without additional facts, Defendants have not shown the amount in controversy is more likely than not greater than $75,000.  *Cf. Varela*, 86 F.Supp.2d at 1112 (holding that plaintiff's claims of compensatory damages for humiliation, permanent future pain and suffering, permanent damages, and loss of enjoyment of life were not sufficient to meet amount-in-controversy requirement where defendant provided court with no underlying facts to establish what amount of damages might be).

**IT IS THEREFORE ORDERED** that Plaintiff's case is **REMANDED** to the Third Judicial District Court for the State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE